**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| STEPHEN EUGENE WHITE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   Case No. 4:23-cv-01616-MTS |
| | ) |
| ROBIN YUSEF HUQ, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on self-represented Plaintiff Stephen Eugene White's second Application to Proceed in District Court Without Prepaying Fees or Costs.  Doc. [5].  For the reasons explained below, the Court will grant the Motion, 28 U.S.C. § 1915(a), assess an initial partial filing fee of forty-five cents, *id.* § 1915(b)(1), and dismiss Plaintiff's claims, *id.* § 1915(e)(2)(B).

**Filing Fee**

Under 28 U.S.C. § 1915(b)(1), a prisoner seeking to bring a civil action *in forma pauperis* is required to pay the full amount of the filing fee.  The only question is "whether the inmate pays the entire filing fee at the initiation of the proceeding or in installments over a period of time."  *Ashley v. Dilworth*, 147 F.3d 715, 716 (8th Cir. 1998) (per curiam).  To answer that question, the prisoner must "submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint . . ., obtained from the appropriate official of each prison at which the prisoner is or was confined."  28 U.S.C.

§ 1915(a)(2). Plaintiff's account statement shows he cannot prepay the entire filing fee. Therefore, the Court will assess an initial partial filing fee of forty-five cents (45¢). *See id.* § 1915(b). Having done so, the Court will review Plaintiff's Complaint. *Id.* § 1915A(a); *see also id.* § 1915(e)(2).

### Plaintiff's Complaint

Plaintiff is a pretrial detainee at the St. Louis City Justice Center. He brings this suit under 42 U.S.C. § 1983. According to the Complaint caption, he brings this action against (1) Yusef Robin Huq, Assistant Circuit Attorney for the City of St. Louis; (2) Jennifer Clemons Abdullah, Department of Public Safety, Commissioner; and (3) "22nd Judicial Circuit Court, David C. Mason D.B.A. Court Administrator." *Id.* Within the Complaint, he lists as Defendants only "Yusef Robin Huq/State of Missouri" and "Department of Public Safety J-Clemons Abdullah." He then indicates that he brings this action against these two Defendants in their official capacities.

While Plaintiff filed this action using the Court's Prisoner Civil Rights Complaint form, *see* E.D. Mo. L.R. 2.06(A), he did not complete the form. Rather, in the "Statement of Claim" section, Plaintiff simply lists several exhibits. *Id.* He lists them both as "1," "2," and "3" and as "A," "B," and "C." But many of the "exhibits" he attaches are not legibly marked. This shortcoming makes it impossible to even determine to what documents he refers. Adding to the issue, most of his attached documents seem to have little to do with this prisoner civil rights complaint under 42 U.S.C. § 1983. For example, he attaches a UCC Financing Statement, an Affidavit of Title, a handwritten document captioned with more than two dozen parties that are mentioned nowhere else,

- 2 -

and a handwritten copy of a form used by those making a claim against the United States Government under the Federal Tort Claims Act.  Confounding the issue further, many of his writings are largely illegible.

## Discussion

Plaintiff's Complaint fails to present "a short and plain statement of the claim showing that [he] is entitled to relief."  *See* Fed. R. Civ. P. 8(a)(2).  Even though he is a self-represented litigant, he must still comply with Rule 8 of the Federal Rules of Civil Procedure.  *See Cody v. Loen*, 468 Fed. App'x 644, 645 (8th Cir. 2012) (per curiam) (stating that a self-represented litigant is "not excused from complying with" Federal Rule of Civil Procedure 8, "which requires a short and plain statement showing the pleader is entitled to relief"); *see also Ackra Direct Mktg. Corp. v. Fingerhut Corp.*, 86 F.3d 852, 856 (8th Cir. 1996) ("In general, *pro se* representation does not excuse a party from complying with a court's orders and with the Federal Rules of Civil Procedure.").

The Court will not comb through Plaintiff's numerous—and largely illegible and irrelevant—exhibits to piece together a claim on Plaintiff's behalf.  *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (explaining that, even for pro se litigants, a court "cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record"); *cf. Goins v. Russell*, 4:14-cv-0865-CEJ, 2014 WL 2095336, at *2 (E.D. Mo. May 20, 2014) ("All claims in an action must be included in one, centralized complaint form, as neither the court nor defendants wish to search through supplemental pleadings in order to piece together plaintiff's claims.").

This Court is mindful that it must liberally construe the filings of self-represented litigants like Plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). The United States Court of Appeals for the Eighth Circuit has explained that giving a complaint a "liberal construction" means "that if the essence of an allegation is discernible . . . then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). Here, the Court cannot discern the essence of Plaintiff's allegation. His Complaint is not merely pleaded "inartfully." *See Erickson*, 551 U.S. at 94. The Complaint is almost entirely incomprehensible. It, in no way, states a claim on which relief may be granted.

<u>C</u>ONCLUSION

Because Plaintiff's Complaint fails to state a claim on which relief may be granted, the Court will dismiss this action without prejudice. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *id.* § 1915A(b)(1).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Stephen White's second Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. [5], is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff must pay an initial partial filing fee of forty-five cents ($0.45) no later than **<u>Monday, April 08, 2024</u>**. Plaintiff shall make his remittance payable to "Clerk, United States District Court," and include upon it: (1) his

- 4 -

name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FINALLY ORDERED** that Plaintiff's claims are **DISMISSED** without prejudice. *See* 28 U.S.C. § 1915(e)(2)(B).

An Order of Dismissal dismissing this action without prejudice will accompany this Memorandum and Order.

Dated this 7th day of March 2024.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE